# UNITED STATES DISTRICT COURT

# DISTRICT OF NEW MEXICO

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

        Plaintiff,

v.

THOMAS H. LAWS,

        Defendant,

and

THL FINANCIAL SERVICES CORPORATION,

        Relief Defendant.

No. CV 18-01063 JB\JKR

---

## FINAL JUDGMENT AS TO DEFENDANT THOMAS H. LAWS AND RELIEF DEFENDANT THL FINANCIAL SERVICES CORPORATION

---

      The Securities and Exchange Commission having filed a Complaint and Defendant Thomas H. Laws ("Defendant") and Relief Defendant THL Financial Services Corporation ("THL") having entered general appearances; consented to the Court's jurisdiction over them and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph XIV); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the

mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] by knowingly or recklessly providing substantial assistance to an issuer of securities registered pursuant to Section 12 of the Exchange Act, in filing materially false and misleading quarterly and annual reports with the SEC that make untrue statements of material fact or omit to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, in violation of Section 13(a) of the Exchange Act and Rules 12b-20, 13a-1, and 13a-13 [17 C.F.R. §§ 240.12b-20, 240.13a-1 and 240.13a-13].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from aiding and abetting any violation of Section 13(b)(2) of the Exchange Act [15 U.S.C. §78m(b)(2)] by knowingly or recklessly providing substantial assistance to an issuer's failure to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflected the company's transactions and dispositions of its assets and failure to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that transactions were recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles and any other criteria applicable to such statements.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 13(b)(5) of the Exchange Act and

Rule 13b2-1 [15 U.S.C. § 78m(b)(5) and 17 C.F.R. § 240.13b2-1] by knowingly circumventing or knowingly failing to implement a system of internal accounting controls to assure that an issuer's financial statements were prepared in conformity with GAAP or knowingly falsifying or causing to be falsified books, records or accounts of an issuer.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Rule 13b2-2 of the Exchange Act [17 C.F.R. § 240.13b2-2] by making or causing to be made materially false or misleading statements to an accountant in connection with audits, reviews or examinations of an issuer's financial statements or in the preparation or filing of an issuer's documents or reports required to be filed with the SEC; or omitting to state, or causing another person to omit to state, material facts necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading, to an accountant in connection with audits, reviews or examinations of financial statements or in the preparation or filing of an issuer's documents or reports required to be filed with the SEC.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's

officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Rule 13a-14 of the Exchange Act [17 C.F.R. § 240.13a-14] by signing a false and misleading certification with any annual or quarterly report required to be filed with the SEC pursuant to Section 13(a) of the Exchange Act [15 U.S.C. §78m(a)].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and/or Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## IX.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently barred from participating in an offering of penny stock, including engaging in

activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

X.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Relief Defendant are jointly and severally liable for disgorgement of $705,000, representing profits gained as a result of the conduct alleged in the Complaint, plus prejudgment interest thereon in the amount of $57,673, for a total of $762,673, and Defendant Thomas H. Laws is liable for a civil penalty in the amount of $500,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)]. Defendant and/or Relief Defendant shall satisfy this obligation by paying $762,673 in disgorgement and prejudgment interest to the Securities and Exchange Commission, and by Defendant paying a civil penalty of $500,000 to the Securities and Exchange Commission, within 180 days after entry of this Final Judgment; *provided* that any payment that Defendant makes to his former employer Santa Fe Gold Corporation on the $930,000 promissory note dated September 19, 2018, between Defendant and his spouse as Obligor and Santa Fe Gold Corporation as Obligee, after the date of his signing of the Consent and before the final payment is due 180 days after entry of this Final Judgment, whether in connection with the default judgments and decrees of foreclosure obtained in *Santa Fe Gold Corporation vs. Thomas H. Laws, et al.*, Case No. D-608-CV-2018-00379 (Grant County, NM) and *Santa Fe Gold Corporation vs. Thomas H. Laws and Deborah E. Laws*, Case No. D-619-CV-2018-00473 (Luna County, NM) or otherwise, will be credited in an equal amount to the satisfaction of Defendant's and Relief Defendant's

disgorgement and prejudgment interest obligations. To receive credit, the Defendant and Relief Defendant shall provide proof of payment acceptable to the Commission and which can be verified with Defendant's former employer.

For all payments made directly to the Commission in satisfaction of this judgment, Defendant and/or Relief Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant and/or Relief Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Thomas H. Laws as a defendant in this action and THL Financial Services Corporation as a relief defendant; and specifying that payment is made pursuant to this Final Judgment.

Defendant and/or Relief Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant and/or Relief Defendant relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant or Relief Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by

law) at any time after 14 days following the date final payment is required by this Final Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

A Fair Fund is established for the disgorgement, prejudgment interest, and civil penalty amounts paid directly to the Commission in satisfaction of this judgment pursuant to Section 308(a) of the Sarbanes-Oxley Act of 2002 as amended by the Dodd Frank Act of 2010. After receipt of the disgorgement, interest, and penalty amounts referenced above, the Commission staff will distribute a payment to the Santa Fe Gold Corporation ("Santa Fe") for the benefit of its investors harmed by the securities violation herein but the total payments credited or made to Santa Fe shall not exceed its total harm from the violations alleged in this case. The payment of disgorgement, prejudgment interest, and civil penalties constitutes a qualified settlement fund under section 469B(g) of the Internal Revenue Code, 26 U.S.C. § 468B(g), and related regulations, 26 C.F.R. §§ 1.468B-1 through B-5. The Commission staff will seek the appointment of a tax administrator to establish a reserve for taxes and related administrative expenses. After establishing and withholding the reserve, the remaining amount of the Fair Fund will be transferred to Santa Fe. Taxes, if any, and related administrative expenses shall be paid from the Fair Fund. The Court shall retain jurisdiction over the administration of any distribution of the Fair Fund. Any monies remaining in the Fair Fund after payment of the expenses of tax administration and fully compensating Santa Fe shall be paid to the U.S. Treasury. If the Commission determines that the Fair Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be

paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

XI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that within five days of being served with a copy of the Final Judgment, First Savings Bank shall transfer the entire balance of the following bank account which was frozen pursuant to an Order of this Court to Santa Fe Gold Corporation:

| INSTITUTION | ACCOUNT NAME | ACCOUNT NUMBER |
| --- | --- | --- |
| First Savings Bank | Thomas H. Laws | XXX8122 |

Such funds shall be applied as a credit to Defendant and Relief Defendant upon the disgorgement

amount set forth herein. After such application, such accounts shall be unfrozen.

XII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that within five days of being served with a copy of the Final Judgment, Wells Fargo Bank shall transfer the entire balance of the following bank account which was frozen pursuant to an Order of this Court to Santa Fe Gold Corporation:

| INSTITUTION | ACCOUNT NAME | ACCOUNT NUMBER |
| --- | --- | --- |
| Wells Fargo Bank | THL Financial Services Corporation | XXX5896 |

Such funds shall be applied as a credit to Defendant and Relief Defendant upon the disgorgement amount set forth herein. After such application, such accounts shall be unfrozen.

XIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Defendant and the Consent of THL are incorporated herein with the same force and effect as if fully set forth herein.

XIV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).


XV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: 6/28/3 , 2019

_____
UNITED STATES DISTRICT JUDGE

